[Cite as *State v. Kocher*, 2024-Ohio-2617.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| CODY L. KOCHER | : | Case No. 23-COA-020 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                Pleas, Case No. 20-CRI-195

JUDGMENT:                       Affirmed

DATE OF JUDGMENT:               July 8, 2024

APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

MICHAEL J. CALLOW                       BRIAN A. SMITH
110 Cottage Street                      123 South Miller Road
3rd Floor                               Suite 250
Ashland, OH  44805                      Fairlawn, OH  44333

*King, J.*

{¶ 1}   Defendant-Appellant, Cody L. Kocher, appeals his November 7, 2023 sentence from the Court of Common Pleas of Ashland County, Ohio.  Appellee is the State of Ohio.  We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2}   On September 9, 2021, Kocher pled guilty to one count of possession of heroin in violation of R.C. 2925.11.  A sentencing hearing was held on October 28, 2021.  By judgment entry filed October 29, 2021, the trial court sentenced Kocher to community control, imposing a residential sanction of 160 days in jail, all days suspended, and a nonresidential sanction of two years of probation with conditions.  On November 10, 2021, the trial court filed a nunc pro tunc judgment entry, again sentencing Kocher to community control, but imposing a residential sanction of 167 days in jail with 107 days of jail time credit, and a nonresidential sanction of two years of probation with conditions.  By judgment entry filed December 21, 2021, the trial court credited Kocher with an additional two days of jail time credit for a total of 109 days.

{¶ 3}   On September 8, 2023, Kocher's probation officer filed alleged community control violations.  During an appearance hearing held on October 4, 2023, Kocher admitted to the violations as alleged.  A sanctioning hearing was held on November 2, 2023.  By judgment entry filed November 7, 2023, the trial court terminated Kocher's probation and sentenced him to twelve months in prison.  He was credited with 330 days served.

{¶ 4}   Kocher filed an appeal and was appointed counsel.  Thereafter, Kocher's attorney filed an *Anders* brief under *Anders v. California*, 386 U.S. 738 (1967).  In *Anders,*

the United States Supreme Court held that if, after a conscientious examination of the record, the defendant's counsel concludes that the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5} By judgment entry filed March 26, 2024, this court noted counsel had filed an *Anders* brief and indicated to the court that he had served Kocher with the brief. Accordingly, this court notified Kocher via certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of this entry." Kocher did not do so.

{¶ 6} The matter is now before this court for consideration of counsel's *Anders* brief. Counsel urges this court to review the following:

I

{¶ 7} "WHETHER THE TRIAL COURT'S SENTENCE WAS CONTRARY TO LAW UNDER R.C. 2953.08(G)(2) AND *STATE V. MARCUM,* 2016-OHIO-1002."

I

{¶ 8}   In the sole assignment of error, counsel suggests Kocher's sentence was contrary to law pursuant to R.C. 2953.08(G)(2) and *State v. Marcum,* 2016-Ohio-1002. We disagree.

{¶ 9}   Appellate counsel suggests the trial court erred in sentencing Kocher to twelve months in prison because the original sentencing entries did not reserve a twelve-month sentence in the event he violated his community control.  While a trial court is required to inform a defendant during the sentencing hearing of a possible prison time sanction for violating community control, counsel does not cite to any case law that requires a reserved sentence be included in the sentencing judgment entry.

{¶ 10} R.C. 2929.15 governs community control sanctions.  Under subsection (B)(3), if an offender violates community control, a trial court may sentence the offender to a prison term which "shall not exceed a prison term from the range of terms specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(4) of section 2929.19 of the Revised Code."

{¶ 11} R.C. 2929.19(B)(4) states in imposing a community control sanction, a court:

shall notify the offender that, if the conditions of the sanction are violated  . . . the court  . . . may impose a prison term on the offender and shall indicate the range from which the prison term may be imposed as a sanction for the violation, which

shall be the range of prison terms for the offense that is specified pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

{¶ 12} A transcript of the original sentencing hearing held on October 28, 2021, is not included in the record for our review. But in his original waiver of constitutional rights and plea form filed September 9, 2021, Kocher was notified of community control and if he violated, the trial court could "imprison him for up to the maximum stated term allowed for the offense as set out above," that being noted as up to twelve months as authorized under R.C. 2929.14(A)(5) for a felony of the fifth degree.

{¶ 13} During Kocher's initial appearance hearing wherein he admitted to violating his community control, the trial court asked him if he understood that the trial court "has reserved a prison term of 12 months in prison that you could be sentenced to on the community control violation?" October 4, 2023 T. at 4. Kocher indicated he understood. *Id.* He did not contest the statement or object.

{¶ 14} During Kocher's sanctioning hearing on his community control violation, the trial court reiterated that when he was originally sentenced, he "[r]eceived a jail sentence along with community control with 12-months prison reserved." November 2, 2023 T. at 3-4. Again, no one objected. No argument was or has been made that Kocher was not informed of the 12-month reserved sentence that could be imposed if he violated community control. Without benefit of the original sentencing transcript, we presume the validity of the trial court's proceedings. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980).

{¶ 15} Upon our review of the record, we find the trial court properly imposed the 12-month reserved sentence upon Kocher for violating his community control.

{¶ 16} "*Anders* equated a frivolous appeal with one that presents issues lacking in arguable merit. . . . An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2d Dist.).

{¶ 17} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 18} The judgment of the Court of Common Pleas of Ashland County, Ohio, is hereby affirmed.

By King, J.

Delaney, P.J. and

Baldwin, J. concur.